**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SHERRY GETCHELL,**

        **Plaintiff,**

**v.**                                    **Case No: 6:25-cv-711-PGB-DCI**

**TYNDA HOLDINGS, LLC,**

        **Defendant.**
_____/

## ORDER

This cause comes before the Court on Plaintiff Sherry Getchell's ("**Plaintiff**") Motion to Strike Defendant Tynda Holdings, LLC's ("**Defendant**") Affirmative Defenses. (Doc. 17 (the "**Motion to Strike**")). Defendant responded in opposition. (Doc. 29). Upon consideration, the Motion to Strike is granted in part and denied in part.

### I.    BACKGROUND

This lawsuit arises from Plaintiff's slip-and-fall that occurred on Defendant's Victory Casino Cruise. (*See generally* Doc. 1 (the "**Complaint**")). Plaintiff alleges that, while on the vessel, she "tripped on an uneven threshold causing her to slam into the deck on her right knee and left hand, resulting in excruciating pain." (*Id.* ¶ 10).

Consequently, Plaintiff filed the instant lawsuit, asserting two negligence counts against Defendant. (Doc. 1). In response, Defendant filed its Answer and

Affirmative Defenses. (Doc. 13). Plaintiff then filed the instant Motion to Strike, Defendant responded in opposition, and the matter is now ripe for review. (Docs. 17, 29).

## II. STANDARDS OF REVIEW[1]

### A. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts have broad discretion in ruling on motions to strike. *See Anchor Hocking Corp. v. Jack. Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Hutchings v. Fed. Ins. Co.*, No. 6:08-cv-305, 2008 WL 4186994, at *2 (M.D. Fla. Sep. 8, 2008) (quotations omitted).

Generally, though, motions to strike affirmative defenses are disfavored "because striking a portion of a pleading is a drastic remedy and . . . often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). Such motions will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *E.g.*, *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997) (citations omitted). However, where a defense "might confuse the issues

---

[1] The Court notes that Plaintiff did not discuss the requisite standard of review in the Motion to Strike, much less how it applies to the request at hand. (*See* Doc. 17).

in the case and would not, under the facts alleged, constitute a valid defense to the action . . . [it] should be deleted." *Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1371 (S.D. Fla 2005) (citations omitted).

### B. Pleading Standard for Affirmative Defenses

Courts remain divided with regard to the appropriate pleading standard required for affirmative defenses, and the Eleventh Circuit has yet to resolve the split of opinion. *See Daley v. Scott*, No. 2:15-cv-269, 2016 WL 3517697, at *1–2 (M.D. Fla. June 28, 2016); *Dionisio v. Ultimate Images & Designs*, 391 F. Supp. 3d 1187, 1192–93 (S.D. Fla. 2019). Some courts hold that affirmative defenses are subject to the heightened pleading standard of Rule 8(a)—which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"—and the requirements articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). FED. R. CIV. P. 8(a)(2); *see, e.g.*, *Torres v. TPUSA, Inc.*, No. 2:08-cv-618, 2009 WL 764466, at *1 (M.D. Fla. Mar. 19, 2009); *S.E.C. v. BIH Corp.*, No. 2:10-cv-577, 2013 WL 1212769, at *1 (M.D. Fla. Mar. 25, 2013). Other courts find that the less stringent standard of Rule 8(b) and (c) applies to affirmative defenses. *See, e.g.*, *Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-CV-900, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014); *Jirau v. Camden Dev., Inc.*, No. 8:11-cv-73, 2011 WL 2981818, at *2 (M.D. Fla. July 22, 2011).

Given the lack of consensus in the Eleventh Circuit, the plain language of Rule 8, the practical difficulty of collecting the information necessary to include

3

supporting factual allegations in the 21-day response period, and "the longstanding adversity to striking an affirmative defense unless it does not have any possible connection to the controversy and might prejudice a party if it remains," this Court follows the latter approach. *Moore*, 2014 WL 2527162, at *2; *see, e.g.*, *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-CV-1576-ORL-37, 2013 WL 5970721, at *2 (M.D. Fla. Nov. 8, 2013) (collecting cases). In other words, to sufficiently plead an affirmative defense, a defendant need only "provide 'fair notice' of the defense and 'the grounds upon which it rests,'" not detailed factual allegations. *Gonzalez*, 2013 WL 5970721, at *2 (quoting *Drzik v. Haskell Co.*, 3:11-cv-379-J32MCR, 2011 WL 2981565 * 1 (M.D. Fla. July 22, 2011)).

## III. DISCUSSION

Plaintiff requests that the Court strike seven of Defendant's affirmative defenses. (*See* Doc. 17). The Court addresses the sufficiency of the disputed affirmative defenses in turn.

### A. First, Second, Third, and Tenth Affirmative Defenses

Defendant's First Affirmative Defense posits that "Plaintiff fails to state a cause of action for negligent failure to maintain upon which relief may be granted." (Doc. 13, p. 4). Defendant's Second Affirmative Defense posits that "Plaintiff fails to state a cause of action for failure to warn upon which relief may be granted." (*Id.*). Plaintiff requests that the Court strike the First and Second Affirmative Defenses because "failure to state a claim does not constitute an affirmative defense." (Doc. 17, pp. 1–2). Defendant, in response, contends that its First and

4

Second Affirmative Defenses are stated "in short and plain terms," and thus, are in compliance with Federal Rule of Civil Procedure 8(b). (Doc. 29, p. 4). Nonetheless, Defendant argues that, if the Court disagrees, the Court should treat the First and Second Affirmative Defenses as specific denials, rather than striking them. (*Id.* at pp. 4–5).

Defendant's Third Affirmative Defense provides that "Defendant owed Plaintiff no duty at the time of the incident." (Doc. 13, pp. 4–6). Defendant's Tenth Affirmative Defense maintains that "Defendant alleges there is no claim for negligence, as it had no actual or constructive notice of any alleged dangerous conditions or situations." (*Id.*). Plaintiff moves to strike the Third and Tenth Affirmative Defenses because they pertain to elements of Plaintiff's case-in-chief, and thus, are not affirmative defenses. (Doc. 17, pp. 2–3). Defendant maintains that the Court should treat the Third and Tenth Affirmative Defenses as specific denials, rather than "exercise[ing] its striking power." (Doc. 29, pp. 5–7).

The Eleventh Circuit has held that, "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Here, Defendant's First, Second, Third, and Tenth Affirmative Defenses plainly fall into this category. *See Hall v. Sargeant*, No. 18-80748, 2020 WL 1536435, at *35 (S.D. Fla. Mar. 30, 2020) (addressing affirmative defenses arguing plaintiff failed to state a claim); *see Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (addressing affirmative defenses arguing plaintiff failed to satisfy an element of a

5

claim). These affirmative defenses deny that Plaintiff can state her claims, and thus, they are not affirmative defenses but are instead "redundant of denials generally." *See Hall*, 2020 WL 1536435, at *35 (citations omitted). The Court thus treats the First, Second, Third, and Tenth Affirmative Defenses as specific denials rather than striking them. *See id.* (collecting cases that treat "failure to state a claim" affirmative defenses as denials); *Adams*, 294 F.R.D. at 671 ("[W]hen a defendant labels a specific denial as an affirmative defense, the proper remedy is not to strike the defense, but instead to treat it as a denial." (citations omitted)); *Mad Room, LLC v. City of Miami*, No. 21-cv-23485, 2024 WL 2776173, at *14 (S.D. Fla. May 30, 2024) (treating affirmative defenses alleging that plaintiffs failed to state a cause of action as specific denials).

### B. Seventh Affirmative Defense

In the Seventh Affirmative Defense, Defendant maintains that "Defendant is entitled to a set-off for any and all monies paid to, or on behalf of, Plaintiff as a result of her alleged damages, as well as any monies received from collateral sources." (Doc. 13, p. 5). In the Motion to Strike, Plaintiff "objects" to the Seventh Affirmative Defense. (Doc. 17, p. 2). However, Plaintiff fails to elaborate on what grounds her objection is based upon. (*See id.*). Instead, Plaintiff merely cites to *Higgs v. Costa Crociera S.P.A. Co.*, 969 F.3d 1295 (11th Cir. 2020), noting how medical expense damages are calculated in maritime tort cases. (*Id.*). In response, Defendant contends that, "without any argument or analysis [from Plaintiff], it is

unclear what bearing [*Higgs*] has on this affirmative defense or what point Plaintiff intends to make." (Doc. 29, pp. 5–6).

The Court agrees with Defendant. Plaintiff provides no argument or analysis regarding her generic objection, nor does she explain her citation to *Higgs*. Ultimately, the Court need not, and will not, consider "perfunctory and underdeveloped" arguments. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting that the court need not consider "perfunctory and underdeveloped" arguments and that such arguments are waived); *see also W. Sur. Co. v. Steuerwald*, No. 16-61815, 2017 WL 5248499, at *2 (S.D. Fla. Jan. 17, 2017) ("It is axiomatic that arguments not supported and properly developed are deemed waived.").

### C. Ninth Affirmative Defense

Defendant's Ninth Affirmative Defense sets forth that:

> (9) Defendant alleges Plaintiff's damages, if any, were caused either in whole or in part by the acts and/or omissions of third persons for whom Defendant is not responsible and that said acts and/or omissions amount to a superseding cause or causes that cut off any causal connection between Defendant's alleged negligence and the Plaintiff's alleged damages.

(Doc. 13, p. 5). Plaintiff moves to strike the Ninth Affirmative Defense because "apportionment of fault to non-parties[] is not applicable under maritime law." (Doc. 17, p. 3). In response, Defendant acknowledges that Plaintiff's argument is correct, however, Defendant contends that "it is unclear what bearing" the argument has on the Ninth Affirmative Defense. (Doc. 29, p. 6).

In *Snyder v. Royal Caribbean Cruises, Ltd.*, No. 1:20-cv-21429, 2020 WL 13401895, at *3 (S.D. Fla. Nov. 11, 2020), the court addressed a similar affirmative defense and request to strike. Like the plaintiffs in *Snyder*, Plaintiff here argues that Defendant may not use an affirmative defense as an attempt to allocate liability. *See id.* However, this form of affirmative defense is "not an attempt to allocate liability . . . but instead an attempt to evade *any* liability by denying that [Defendant] was the proximate cause." *See id.* As such, Defendant's third-party, proximate-cause defense "simply attacks certain allegations in the Complaint by denying them—namely, that [Defendant] was the proximate cause of [Plaintiff's] injuries." *See id.* Thus, the Court will treat Defendant's Ninth Affirmative Defense as a denial. *See, e.g.*, *id.*; *Adams*, 294 F.R.D. at 671; *Bynum v. Carnival Corp.*, No. 23-cv-23760, 2024 WL 229545, at *5 (S.D. Fla. Jan. 22, 2024) (relying on *Snyder* in a slip-and-fall case to treat a similar affirmative defense as a denial).

### D.   Twelfth Affirmative Defense

Defendant's Twelfth Affirmative Defense states that "Defendant asserts that Plaintiff knew of any hazard that ultimately caused her alleged damages and confronted said hazard knowingly." (Doc. 13, p. 6).

Plaintiff posits that Defendant's Twelfth Affirmative Defense should be stricken as "redundant" of the Eleventh Affirmative Defense. (Doc. 17, p. 4).

Defendant argues that Plaintiff's "assertion is without merit and completely devoid of any legal argument or authority." (Doc. 29, p. 7).

The Court agrees with Defendant. Again, the Court need not, and will not, consider "perfunctory and underdeveloped" arguments. *See* cases cited *supra* Section III.B.

## IV. CONCLUSION

Therefore, Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 17) is **GRANTED IN PART AND DENIED IN PART**.

1. The Motion (Doc. 17) is **GRANTED** to the extent Defendant's First, Second, Third, Ninth, and Tenth Affirmative Defenses will not be treated as affirmative defenses. The Court will instead treat such affirmative defenses as denials.

2. The Motion (Doc. 17) is **DENIED** in all other respects.

**DONE AND ORDERED** in Orlando, Florida on August 24, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties